UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:13−cr−30030 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Sue E. Myerscough |
| | ) | |
| | ) | |
| JERI WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO GOVERNMENT'S SENTENCING COMMENTARY**

NOW COMES the Defendant, Jeri Wright, by and through her counsel, Victor P. Henderson, and responds to the Government's Sentencing Commentary (*See,* Docket No. 109) as follows:

In its submission, the Government indicates that it intends to move the Court for a two-level upward deviation from the Guidelines range to a final range of 33 – 41 months of imprisonment (*See,* Docket No. 109, ¶46). This would place Ms. Wright in the equivalent of Criminal History Category III. In support of its position, the Government again alleges that Ms. Wright committed theft while out on bond. The Government fails to provide a rationale as to why these allegations warrant a *two level* upward departure.

The sentencing guidelines authorize an upward departure when *reliable evidence* indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or there is a high likelihood of recidivism. U.S.S.G. §4A1.3. *United States v. Angle*, 315 F.3d 810, 812 (7th Cir.

1

2003).  Factors leading to an enhanced sentence must be established by a preponderance of the evidence, with the prosecutor bearing the burden of persuasion.  *United States v. Ruffin,* 997 F.2d 343, 366 (7th Cir. 1993).  When a district court applies an upward departure, it must analogize the factors it identifies as grounds for departure to similar offenses contained within the guidelines and link the factors to the degree of the departure.  *See, e.g., United States v. Cross,* 289 F.3d 476, 478; *United States v. Peterson,* 256 F.3d 612, 614 (7th Cir. 2001).

Ms. Wright again states that the allegations of theft have not resulted in a conviction, indictment, or even arrest of anyone, including the person at the center of the allegations, Brent Odom.  As set forth in her commentary on sentencing factors, Ms. Wright's strong support system will give her the stability to avoid future crimes.  Further, even if Ms. Wright *had* been convicted of the theft offense the Government references, she would not be Criminal History Category III.  Depending on her sentence, she would either remain in Criminal History Category I, with a resulting range of 27 – 33 months, or, at worst, be placed in Criminal History Category II, with a resulting range of 30 – 37 months.  Thus, even if the Court determines that the allegations against Ms. Wright should factor into her sentence, the upward departure that the Government recommends is unsupported and inappropriate.

As Ms. Wright noted in her commentary on sentencing factors, Regina Evans' sentence was 60 months' imprisonment, less than half of the low end of her advisory

guideline range. In addition, the Court should also consider the sentences of Ronald Evans and Ricky McCoy. Ronald Evans, who pled guilty to wire fraud, money laundering, and filing materially false tax returns, was sentenced to 12 months. Mr. Evans claimed that he largely served at the whim of his wife, Regina Evans, and was given a significant downward departure of his guideline sentence of 41 – 51 months. Ricky McCoy, who was a teacher in the grant program and charged with money laundering and obstruction of justice, received 6 months imprisonment followed by 6 months home confinement.

At her sentencing hearing on July 9, 2015, the following witnesses will be present to speak for fifteen minutes or less each about Ms. Wright's character:

- Janet Wright-Moore
- Jeremiah A. Wright-Haynes
- Reverend John Jackson
- Reverend A. Denise Thomas-Williams

Dr. Kip Hillman, who conducted an evaluation of Ms. Wright, will testify for 60 to 120 minutes, depending, in part, on the length of cross-examination.

In light of the foregoing, Defendant Jeri Wright renews her request that this court impose a sentence of probation or home confinement, below the advisory guideline range. In the alternative, should the Court require prison time, Ms. Wright requests a sentence of time served.

**DATED:**     July 7, 2015

Respectfully submitted,

**HENDERSON ADAM, LLC**

By: /s/ Victor P. Henderson
     Attorney for Jeri Wright

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 300
Chicago, Illinois 60606
Phone: (312) 262-2900
Facsimile: (312) 262-2901

## CERTIFICATE OF SERVICE

The undersigned, Victor P. Henderson, an attorney, hereby certifies that **RESPONSE TO GOVERNMENT'S SENTENCING COMMENTARY** was served on July 7, 2015, in accordance with Fed.R.Civ.P. 5, LR 5.5, and the General order on electronic Case filing (ECF), pursuant to the district court's ECF system as to the ECF filers, and was sent by first class mail or by hand delivery to non-ECF filers, if any.

By: /s/ Victor P. Henderson

HENDERSON ADAM, LLC
330 South Wells Street, Suite 300
Chicago, IL 60606
P: (312) 262-2900
F: (312) 262-2901